# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

PETER ROSENFELD,

    Plaintiff,

v.                                                                 Case No: 8:23-cv-1893-CEH-AAS

AEROVANTI, INC., AEROVANTI
AVIATION, LLC, AEROVANTI
AIRCRAFT, LLC, AEROVANTI
CAPITAL, LLC, AEROVANTI
MAINTENANCE, LLC,
AEROVANTI HANGAR, LLC,
AEROVANTI HANGAR, LLC,
AEROVANTI BROKERAGE, INC.,
TOMBSTONE HOLDINGS, LLC,
BENJAMIN RICKETTS and
PATRICK TORMAY BRITTON-
HARR,

    Defendants.

_____

## ORDER TO SHOW CAUSE

This matter comes before the Court *sua sponte*.  On August 21, 2023, Plaintiff

Peter Rosenfeld filed a complaint against Aerovanti, Inc., and other related parties,

alleging various claims in connection with a private aviation membership.  Having

reviewed the complaint, the Court is unable to determine whether there is subject

matter jurisdiction based upon diversity of citizenship and a minimum amount in

controversy.

## DISCUSSION

Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.  *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties."  *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982).

Plaintiff alleges that there is subject matter jurisdiction based upon diversity. Doc. 1 ¶ 14.  Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1). However, the complaint fails to establish the diverse citizenship of the parties or that the amount in controversy exceeds, rather than meets, $75,000.

For diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff.  *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002).  For an individual, citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (citations omitted).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent[.]" *Id.* (quotations and citations omitted). Significantly, "[d]omicile is not synonymous with residence[] [as] one may

2

temporarily reside in one location, yet retain domicile in a previous residence." *Molinos*

*Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341-42 (11th Cir. 2011). "A person's

domicile is the place of his true, fixed, and permanent home and principal

establishment, and to which he has the intention of returning whenever he is gone."

*Imperato v. Hartford Ins. Co.*, 803 F. App'x 229 (11th Cir. 2020); *Arrol v. Heron*, No. 2:10-

CV-655-JES-DF, 2011 WL 672417, at *1 (M.D. Fla. Feb. 17, 2011) (stating same).

Here, three of the parties—Plaintiff, Defendant Benjamin Ricketts, and Patrick

Tormay Britton-Harr—are individuals. But the complaint does not allege their

citizenship or domicile, only their county of residence. *See* Doc. 1 ¶¶ 1, 11, 12.

Therefore, the Court cannot determine their citizenship for diversity purposes.[1]

The remaining Defendants are corporate entities. Two of them are corporations

whose citizenship is properly established via their place of incorporation and principal

place of business. Doc. 1 ¶¶ 2, 9. The other seven Defendants are limited liability

companies ("LLCs"). *Id.* ¶¶ 3-8, 10. "For purposes of diversity jurisdiction,

'a limited liability company is a citizen of any state of which a member of the

company is a citizen.'" *Quinn v. Ocwen Loan Servicing, LLC*, 709 F. App'x 530, 531 (11th

Cir. 2017) (quoting *Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d

1020, 1022 (11th Cir. 2004)). "To properly allege the citizenship of an LLC, a party

---

[1] In the event that all three individuals are citizens of Florida, the state in which they allegedly reside, diversity of citizenship would not exist between them. Moreover, if Plaintiff is a citizen of Florida, then diversity of citizenship would not exist between him and Defendant AeroVanti Brokerage, Inc., which the complaint properly establishes is a citizen of Florida. Doc. 1 ¶ 9. Plaintiff is cautioned that this action will be subject to dismissal without prejudice if he cannot establish the existence of subject matter jurisdiction.

must identify all of the LLC's members and their citizenships." *Alliant Tax Credit Fund XVI, Ltd. v. Thomasville Cmty. Hous., LLC*, 713 F. App'x 821, 824 (11th Cir. 2017) (citing *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011)).  Plaintiff alleges only the state under whose laws each LLC was organized and in which it has its principal place of business. Doc. 1 ¶¶ 3-8, 10.  But he does not identify the members of each LLC or their citizenship.  Accordingly, the allegations do not establish the citizenship of these Defendants.

Finally, the allegations also do not establish that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interests and costs[.]" 28 U.S.C. § 1332(a).  The complaint alleges that Plaintiff purchased an annual membership from Defendant Aerovanti "for a total of seventy-five thousand dollars ($75,000.00)." Doc. 1 ¶ 57.  The relief Plaintiff appears to seek in this action is the refund of the full membership fee. *Id.* ¶¶ 69-71, 84-85, 96-100, 120.  Although he also refers to attorney's fees, such fees are generally excluded from the calculation of the amount in controversy unless a statute authorizes their recovery. *See, e.g., Scott v. Walmart, Inc.*, 528 F.Supp.3d 1267, 1278 (M.D. Fla. 2021) (citation omitted).  Here, however, Plaintiff asserts causes of action under the common law.  It is therefore not clear that the amount in controversy in this action *exceeds* $75,000; rather, it appears that the amount in controversy may be exactly $75,000.

Due to the insufficiency of the allegations in the complaint with respect to citizenship and the amount in controversy, the Court is not able to determine whether there is subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Accordingly, it is **ORDERED**:

1. Plaintiff is directed to **SHOW CAUSE** as to why the Court should not dismiss this action, without prejudice, for lack of subject-matter jurisdiction.  Plaintiff must file a written response with the Court within **FOURTEEN (14) DAYS** of the date of this order.  To the extent that Plaintiff intends to maintain this action in federal court, Plaintiff must also file an Amended Complaint that cures the deficiencies identified herein within **FOURTEEN (14) DAYS** of the date of this order.  Failure to file a written response and an amended complaint within the time provided will result in the dismissal of this action, without prejudice, without further notice.

   **DONE** and **ORDERED** in Tampa, Florida on August 31, 2023.

   Charlene Edwards Honeywell
   Charlene Edwards Honeywell
   United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

5